DIANA GRIBBON MOTZ, Circuit Judge,
concurring:
I concur in the judgment and in Judge Wilkins’ careful and narrow opinion for the majority of the court. Of course, I recognize *542 that the court’s holding is, as Judge Phillips’ thoughtful dissent well demonstrates, in some tension with the principles set forth in Behrens v. Pelletier, — U.S. —, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) and Johnson v. Jones, — U.S. —, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). However, I cannot conclude that when, as here, a district court does not adequately set forth the facts it finds in dispute, the Supreme Court intended that we determine the facts the district court “likely assumed” other than by examining, in the light most favorable to the plaintiff, the factual record before the district court and then determining if those facts set forth a violation of clearly established law.
I write separately simply to note that in this case we have no occasion to reach the question of whether we are also at liberty to follow this approach when the district court has adequately set forth the facts it finds in dispute. That is, in this more usual case, do we have jurisdiction to go beyond the district court’s holding and plumb the summary judgment record to make our own assessment as to what are the material facts, taken in the best light for the plaintiff, or are we limited to the facts relied upon by the district court. Behrens and Johnson would seem to hold that we must accept the facts as relied upon by the district court. However, resolution of that question must await another day.